■ DEBRA KASSACK, an Infant, by Her Parent ALFRED KASSACK, et al., Appellants, v. F & M SCHAEFER BREWING CO., INC., Respondent.—Appeal by plaintiffs from an order of the Supreme Court, Queens County, dated April 7, 1967, which granted defendant's motion to examine before trial Susan J. Kassack, the mother and wife of the respective plaintiffs, as a nonparty witness. Order modified by adding a decretal paragraph providing that the examination be limited to the questions of (1) liability, (2) the existence or nonexistence of any injuries sustained by said witness and (3) the physical condition of the witness prior to the birth of the infant plaintiff. As so modified, order affirmed, without costs. The examination shall proceed at a time specified in a 10 days' written notice to be served by defendant or at such other time as the parties may stipulate. In view of the emotional impact upon the witness which may ensue if she were examined as to the infant plaintiff's injuries and physical condition, her treatment and the medical and related expenses, and the fact that examination of the witness as to these matters would be of dubious value, we believe the examination should be limited as directed herein. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ RONALD A. LEIS, Respondent, v. Estate of MORRIS B. BAER, INC., et al., Appellants-Respondents, and ACME MAINTENANCE & PROTECTIVE CO., INC., Appellant.—Interlocutory judgment of the Supreme Court, Westchester County, dated July 10, 1967, affirmed insofar as appealed from, with one bill of costs to plaintiff jointly against defendants who filed separate briefs and with one bill of costs to defendants Baer and Haeger against defendant Acme. No opinion. Appeals from order of said court dated May 5, 1967 dismissed, without costs. No appeal lies from an order denying a motion (1) for a new trial, made on the trial minutes, or (2) to set aside a determination in favor of a plaintiff upon a trial limited to the issues of liability or for judgment notwithstanding such determination pursuant to CPLR 4404 (*Fortgang* v. *Chase Manhattan Bank*, 29 A D 2d 41). The provisions in the order (1) granting defendants Baer and Haeger judgment over against defendant Acme and (2) directing that trial proceed on the issue of damages are reiterated in the interlocutory judgment and were considered on the appeal from said judgment; accordingly, the appeals from those portions of the order are academic. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.