■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TIMONEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered April 16, 1984 convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by reason of the bias of the trial court as evidenced by remarks made by the court concerning the defendant's failure to appear after the close of the People's case. We find, however, to the contrary. The proceedings were conducted in a manner which showed a careful regard for the rights of the defendant. None of the remarks made by the court was unwarranted under the circumstances. Further, these remarks were made at the time of sentencing and were innocuous.

We also find no merit in the contention that the trial court should have drawn an unfavorable inference with respect to the failure of the People to call an eyewitness whom they had initially stated they would be calling. The burden is on the party seeking the benefit of an unfavorable inference to make a timely request to the court for such an inference *(People v Gonzalez, 68 NY2d 424)*. There is no evidence of any request being made by the defense in the case at bar. Moreover, the witness was a stranger to both parties, was equally available to both parties, and there was no evidence that she was favorable to or under the control of one party and hostile to the other *(People v Mendez, 138 AD2d 637)*.

Viewing the evidence in the light most favorable to the People, we conclude that it was legally sufficient to establish the defendant's guilt *(see, People v Contes, 60 NY2d 620)*. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.