■ CLARIDGE GARDENS, INC., Appellant-Respondent, v GIAN CARLO MENOTTI et al., Respondents-Appellants.—Order of the Supreme Court, Appellate Term, First Department (Parness, J. P., dissenting, Miller and McCooe, JJ.), entered April 18, 1989, affirming a February 26, 1988 order of the Civil Court, New York County, Housing Part (Joan Lobis, J.), which, after a bench trial, granted petitioner landlord final judgment on the grounds that the subject apartment was not the tenant's primary residence, appealed by permission of the Appellate Term in an order entered May 19, 1989, unanimously affirmed, without costs.

The tenant is a well-known musician who spends relatively little time in the subject apartment. While that, alone, is not a sufficient basis for a finding of nonprimary residence *(Coronet Props. Co. v Brychova,* 122 Misc 2d 212, *affd* 126 Misc 2d 946), the trial court's determination was not based merely on the amount of time the tenant spent in the apartment. Competent evidence in the record supports the trial court's conclusion that the tenant actually resided in a house in Scotland from 1973 to 1986. The tenant's attempts to explain away this fact merely raised questions of fact and credibility for the trial court. On a bench trial, the decision of the fact-finding court

should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses *(Nightingale Rest. Corp. v Shak Food Corp.,* 155 AD2d 297). Here, the evidence supports the trial court's findings.

The prime tenant's son is not entitled to the apartment. Such succession is permissible only where the prime tenant vacates the apartment voluntarily and where the subject apartment is the primary residence of the prime tenant *(Matter of Herzog v Joy,* 74 AD2d 372, *affd* 53 NY2d 821). Neither circumstance obtains in the instant matter. Rather, the evidence suggests that the tenant's son wants to succeed to the apartment as a subterfuge to protect the primary tenant's continued possession *(cf., Matter of Herzog v Joy, supra,* at 376).

The tenant's claim that the 30-day notice was defective because it contained only a conclusory statement that the tenant did not occupy the subject apartment as his primary residence is presented for the first time on appeal to this court, and we decline to reach it. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.