■ Scott Follett, Respondent, v Denise Thompson, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered June 6, 1989, which set aside a jury verdict in her favor and granted the plaintiff a new trial.

Ordered that the order is reversed, on the law, with costs, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in favor of the defendant.

On May 3, 1986, the plaintiff, while a pedestrian in the roadway of Bayville Avenue, was struck by a vehicle driven by the defendant. According to the police accident report, the defendant driver had a passenger in her car at the time of the accident. Yet, in response to the plaintiff's discovery requests, the defendant's counsel indicated that there were no witnesses. At the liability portion of the bifurcated trial, neither party produced the passenger as a witness.

The plaintiff first requested a missing witness charge at the conclusion of all of the testimony. The trial court indicated that, since both parties had an equal opportunity to produce the passenger as a witness, the court would make no comment with respect to her nonappearance. The plaintiff's counsel reiterated his request for a missing witness charge following the court's instructions to the jury.

After the court refused to give the missing witness charge, the jury found that the defendant was negligent but that her negligence was not the proximate cause of the accident. The court then set aside the verdict as inconsistent and against the weight of the evidence, concluding that it had erred in denying the plaintiff's request for a missing witness charge.

The record is devoid of any evidence that the uncalled witness had such a relationship with the defendant as to make it natural to expect the defendant to have called that witness to testify in her behalf. The sole evidence of the witness's relationship to the defendant is the unrebutted statement by the defense counsel that the witness was merely a co-employee of the defendant. Absent evidence of friendship or loyalty between the defendant and the passenger sufficient to sustain the threshold burden of showing that the uncalled witness was under the defendant's control, the court was correct when it denied the missing witness charge (see, Crosby v Stone, 137 AD2d 785, 787; Div-Com, Inc. v F.J. Zeronda, Inc., 136 AD2d 844).

We note, furthermore, that the request for the missing witness charge was untimely. Although the plaintiff was aware before trial, both of the existence of the uncalled witness and the defendant's intent not to have the witness testify, the request for the missing witness charge was not made until the conclusion of the testimony. Under the circumstances, the missing witness charge was properly denied (see, People v Timoney, 141 AD2d 876).

Nor does the record support a determination that the jury verdict was not based on a fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 134). Accordingly, the verdict must be reinstated. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.