OPINION OF THE COURT
Per Curiam.
Judgment entered March 12, 1996 affirmed with $25 costs.
*526 Appeal from order entered January 26, 1996 denying court’s “decision/order” dismissed, without costs, as nonappealable (see, Hutchins v Hutchins, 155 AD2d 973; Leis v Estate of Morris B. Baer, Inc., 29 AD2d 547).
Giving due deference to the trial court’s findings of fact and credibility (see, Claridge Gardens v Menotti, 160 AD2d 544, 545), we sustain the judgment issued in plaintiffs favor in this action for work, labor, and services. There was competent evidence at trial to show that plaintiff Roth Painting Company, through its president, Gordon Roth, orally agreed to supply a labor crew and some limited materials—at cost and with no profit—“as a courtesy” to defendant Fishman, Roth’s long-time personal acquaintance, with the understanding that, as the Trial Judge put it, defendant was to “deploy and supervise the labor and * * * use the materials as he saw fit.”
Based upon these facts, we conclude that plaintiff did not at any time hold itself out as a home improvement business, a term defined in the applicable licensing ordinance as “the business of providing for a profit a home improvement to an owner”. (Administrative Code of Westchester County § 863.312 [3]; emphasis added.) The noncompliance with the local licensing law—the sole ground now urged by defendant for reversal— thus provides no basis to deny plaintiff recovery for the services shown to have been rendered (see, Matter of Migdal Plumbing & Heating Corp. v Dakar Developers, 232 AD2d 62, 64-65).
Ostrau, P. J., McCooe and Freedman, JJ., concur.