OPINION OF THE COURT
Per Curiam.
Final judgment dated December 31, 1997 affirmed, with $25 costs.
We agree with the trial court’s determination that appellant Angelina Jolin, the daughter of the tenant of record, failed to establish that she resided with her mother in the stabilized apartment as a primary residence for at least two years immediately prior to her mother’s permanent vacatur, so as to entitle her to remain in possession under the succession provisions of Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1). Although appellant claimed that she resided in the apartment for the requisite two-year period, the customary indicia of such a continuous residence were lacking in the record (420 E. Assocs. v Estate of Lennon, 223 AD2d 408). Nor did appellant present credible testimonial evidence that she was present here on a regular, rather than a sporadic, basis during the relevant time period.
As the trial court found, appellant’s “B-l/B-2” visitor’s visa restricted her residency here to one year and required her to maintain a permanent residence in Sweden. In addition, appellant maintained an active personal checking account in Stockholm, Sweden, and conducted a business as sole shareholder through her Swedish corporation, an entity not authorized to do business in New York. Nor did appellant show that she had any independent possessory rights in the apartment or that landlord waived his right to prosecute this proceeding.
Giving due deference to the trial court’s findings of fact and credibility (Claridge Gardens v Menotti, 160 AD2d 544), appellant failed to meet her affirmative obligation to establish succession rights to the rent-stabilized tenancy.
Parness, P. J., McCooe and Davis, JJ., concur.