OPINION OF THE COURT
Per Curiam.
Judgment entered on or about April 1, 1999 affirmed, with $25 costs.
*311 The plaintiff landlords commenced this plenary action to recover use and occupancy allegedly due after the expiration of the defendant tenant’s renewal lease on December 31, 1997. The trial evidence established, and the court, as fact finder, expressly found, that the keys to the apartment were returned to the landlords’ building personnel prior to the expiration of the lease term and that landlords’ inspection of the apartment premises in January 1998 revealed that the apartment was “empty and vacant.”
Although landlords couch their appellate arguments in terms of whether tenant timely “surrendered” possession at the end of the lease term, the case does not, strictly speaking, involve the issue of surrender. “At the expiration of [a lease] term the tenant leaves because his rights to possession have expired. There is no surrender of the term, because there is no estate to be reconveyed” (Stahl Assocs. Co. v Mapes, 111 AD2d 626, 628). In the absence of any competent evidence showing that the tenant asserted a right to possession to or allowed others to remain in the apartment following the expiration of his lease term, we sustain the dismissal of landlords’ use and occupancy claim. “On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses.” (Claridge Gardens v Menotti, 160 AD2d 544, 545.)
Parness, J. P., McCooe and Davis, JJ., concur.