■ Har Holdiing Co., Respondent, v Eric Feinberg, Appellant. In the Matter of Eric Feinberg, Appellant, v Division of

HOUSING AND COMMUNITY RENEWAL et al., Respondents, and HAR HOLDING Co., Intervenor-Respondent. [716 NYS2d 559] —Order of the Appellate Term, Supreme Court, First Department (Parness, P. J., Freedman and Davis, JJ.), entered September 22, 1999, which affirmed an order of the Civil Court, New York County (Howard Malatzky, J.), entered on or about June 12, 1998, which, after a nonjury trial, awarded petitioner landlord Har Holding Co. possession of the subject apartment, and which affirmed an order, same court and Judge, entered on or about August 11, 1998, which denied Eric Feinberg's motion to set aside the verdict, unanimously affirmed, with costs.

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 10, 1999, which dismissed Feinberg's proceeding pursuant to CPLR article 78 to annul a determination of the Division of Housing and Community Renewal, dated August 28, 1998, that he was not a tenant and therefore lacked standing to file a fair market rent appeal, unanimously affirmed, with costs.

Even if the unsigned and undated notes purportedly handwritten by the original landlord, who died in 1994 just before Har Holding Co. purchased the premises, had not been excluded by the trial court in the holdover proceeding, a reasonable interpretation of all the evidence adduced at trial supports the court's conclusion that Feinberg was merely a licensee of tenants whose tenancy had been terminated, and not a tenant in his own right (*see, Claridge Gardens v Menotti*, 160 AD2d 544). Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.