OPINION OF THE COURT
Per Curiam.
Final judgment, entered February 23, 2006, affirmed, with $25 costs.
The trial court’s determination that tenant does not primarily reside in the subject Manhattan apartment represents a fair interpretation of the evidence and is not disturbed. The documentary evidence, including tax returns, utility bills and savings account statements, established that tenant principally resided in a house owned by her in Savannah, Georgia. The duly credited testimony of landlord’s witnesses demonstrated that tenant, with the assistance of building staff, moved most of her furnishings out of the subject apartment in 2002; that tenant rarely has been seen at the premises since that time; and that the apartment has since been occupied by two of tenant’s relatives, a nephew and cousin. Tenant presented little documentary indicia of residency in New York and the testimony of her witnesses was lacking in specifics as to tenant’s presence in the subject building. On this record, no basis exists to disturb the trial court’s findings of fact (see Claridge Gardens v Menotti, 160 AD2d 544 [1990] ). “[D]ue regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses” (300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997], quoting Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991] ).
The procedural issue injected into this case by the dissent— involving the timeliness of the trial court’s action in drawing a negative inference against tenant based upon her failure to call her nephew and cousin as witnesses — is not properly before us, tenant having failed to respond on the record to landlord’s request that such an inference be drawn at nisi prius or to raise the issue, directly or by implication, as a ground for reversal on appeal.
Moreover, on the present record, and given the strength of landlord’s nonprimary residence claim, we cannot conclude that *84 any procedural error was so prejudicial to tenant’s cause as to warrant a new trial. From a substantive standpoint, the propriety of the trial court’s discretionary determination to draw an adverse inference is firmly supported in the case law (see e.g. Carmine Ltd. v Gordon, 41 AD3d 196, 199 [2007]) and, indeed, is not challenged by the dissent. We note in this regard that the two uncalled witnesses occupied the apartment, had knowledge of the material facts, would be expected to testify favorably to the tenant and were present at the trial. In effect, they were the equivalent of parties to the proceeding, as they were named as “John Doe” respondents. They had a strong interest in the outcome of the case, since their occupancy of the apartment would be directly affected by a judgment against the tenant (see Crowder v Wells & Wells Equip., Inc., 11 AD3d 360 [2004]).