■ 3657 REALTY Co., LLC, Respondent, v IDA MAE JONES, Appellant. [859 NYS2d 434]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about December 19, 2007, affirming an order of the Civil Court, New York County (John S. Lansden, J.), entered on or about February 23, 2006, which, insofar as appealed from, after a nonjury trial, awarded possession to petitioner landlord in a summary holdover proceeding, unanimously affirmed, without costs.

The notice to cure and notice of termination, which plead alternative grounds for eviction, were not jurisdictionally defective. Although the notice to cure was based on an illegal sublet and the notice of termination identified an additional ground of nonprimary residence, the allegations in both were identical, and sufficiently apprised respondent of the grounds on which she would have to defend the proceeding (*see Oxford Towers Co., LLC v Leites*, 41 AD3d 144 [2007]; *190 Riverside Dr. v Nosei*, 185 Misc 2d 696, 697 [2000]).

The record shows that petitioner met its burden of establishing by a preponderance of the evidence that respondent did not occupy the apartment as her primary residence (*see Carmine Ltd. v Gordon*, 41 AD3d 196 [2007]), and there exists no basis to disturb the trial court's findings, which are based in large measure on credibility determinations (*see Claridge Gardens v Menotti*, 160 AD2d 544, 545 [1990]). Petitioner submitted overwhelming evidence, both documentary and testimonial, demonstrating that respondent permanently vacated the subject premises in 2002 and maintains her primary residence in Georgia, and respondent's submissions did little to show that she maintained the subject apartment as her primary residence.

Although the trial court erred in drawing an adverse inference based on respondent's failure to call two witnesses, having failed to rule on petitioner's untimely request made after the close of testimony (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]; *Follett v Thompson*, 171 AD3d 777 [1991]), in light of the compelling evidence presented that respondent did not maintain the apartment as her primary residence, she was not prejudiced by the error.

We have considered respondent's remaining contentions and find them unavailing. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ. [*See* 18 Misc 3d 82.]