OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs, so much of the order as granted tenant’s motion for leave to amend her answer to interpose a defense of rent-impairing violations pursuant to Multiple Dwelling Law § 302-a is vacated, and tenant’s motion is denied.
In this nonpayment summary proceeding, tenant’s answer raised the defense that there were conditions in the apartment needing repair and/or services not provided. After tenant defaulted on various stipulations in which she had agreed to pay the arrears by dates certain, and in which landlord had agreed to make various repairs, tenant, by order dated May 22, 2009, was granted leave to amend her answer to interpose a defense of rent-impairing violations pursuant to Multiple Dwelling Law § 302-a, and she deposited rent with the court, as required by that statute. Following a nonjury trial on the issue of “abatement/rent impairing violations,” the Civil Court found that tenant had not established the existence of rent-impairing violations but awarded tenant a 25% abatement for part of the time for which rent was sought. Tenant appeals, arguing, in essence, that, because of the existence of rent-impairing violations, she should not have had to pay any rent for the period in question and/or that she was given an insufficient abatement. We affirm.
In our view, it was an improvident exercise of discretion for the Civil Court, after tenant had defaulted on multiple stipulations in which she had agreed to pay the arrears, and in which landlord had agreed to make repairs, to grant leave to tenant to *27 interpose the defense that rent-impairing violations existed in the premises (cf 46 E. 91st St. Assoc., LLC v Bogoch, 23 Misc 3d 36 [App Term, 1st Dept 2009] [permitting the tenants to amend their answer to assert a Multiple Dwelling Law § 302-a defense where the tenants had properly and timely asserted the statutory defense in a companion nonpayment proceeding and had indicated their intention to assert the defense by an “Annex to Answer” served and filed within one month of the commencement of the proceeding]). Consequently, the issue of rent-impairing violations pursuant to Multiple Dwelling Law § 302-a was not properly before the trial court.
As to the issue of the abatement, it is our view that the Civil Court’s findings are supported by the record. The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). The determination of the trier of fact as to issues of credibility is given substantial deference, as the trial court’s opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess the credibility of the witnesses (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). Thus, we do not disturb the Civil Court’s findings as to the abatement. Finally, we find that the Civil Court did not improvidently exercise its discretion in excluding, as cumulative, tenant’s proffered videotape evidence.
Accordingly, the final judgment is affirmed.
Weston, J.E, Pesce and Rios, JJ., concur.