[994 NYS2d 230]

STP ASSOCIATES, LLC, Respondent, v NELSON HESS et al., Appellants.

STP ASSOCIATES, LLC, Respondent, v MARCY RAPPAPORT et al., Appellants.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, August 12, 2014

32

**APPEARANCES OF COUNSEL**

*William Rapp*, Scarborough, *Daniel O'Hara*, New York City, and *Moshe Mortner*, New York City, for appellants.

*Mason & Mason, P.C.*, Garden City, for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that, on the court's own motion, the appeals in the two above-captioned proceedings are consolidated for the purposes of disposition; and it is further ordered that the final judgments are affirmed, without costs.

Insofar as is relevant to these appeals, landlord commenced 25 holdover summary proceedings to recover possession of property rented by tenants, owners of manufactured homes in a manufactured home park owned by landlord, on a month-to-

month basis. Twenty-three of the proceedings were consolidated under one index number by the District Court (appeal No. 2013-1298 N C [the *Hess* appeal]), and the other two were consolidated by the District Court under another index number (appeal No. 2013-1299 N C [the *Rappaport* appeal]). A joint trial was held, after which the District Court awarded possession to landlord against each tenant. Twenty-five final judgments were entered on January 31, 2013.

The basis for the holdover proceedings is that landlord terminated the tenancies after having previously given tenants six-month notices, pursuant to Real Property Law § 233 (b) (6) (i), that it proposed a change in use from that of a manufactured home park to some other use. On appeal, tenants argue that landlord failed to comply with the statute in that it did not serve the six-month notices of the change in use on all of the tenants at the same time; that, in any event, the six-month notices issued by landlord were defective because they failed to terminate the tenancies; that landlord vitiated the six-month notices by accepting rent after the expiration of the six-month period; and that landlord failed to demonstrate, at trial, that it was actually planning to change the use of the property from a manufactured home park to some other use.

The issues of whether landlord properly gave notice of the proposed change of use to all tenants at the same time, in compliance with Real Property Law § 233 (b) (6) (i), and whether the six-month notices were facially sufficient have already been determined by the Appellate Division, which found that the notices at issue complied with the statute (*Drasser v STP Assoc., LLC*, 90 AD3d 701 [2011]). As this court is bound by that decision, we do not reach the merits of these arguments. Furthermore, contrary to tenants' argument, landlord's service of 30-day notices of termination on each of the tenants more than six months after having served the six-month notices was a sufficient basis upon which to commence these summary proceedings pursuant to RPAPL 711 (1) (*see* Real Property Law § 232-b).

While acceptance of rent for a period after the termination date set forth in a notice of termination can nullify the termination of the lease (*see Vendome v Tasoulis*, NYLJ, Feb. 2, 1994 at 23, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists]), here, since, contrary to tenants' contention, the six-month notices served in these proceedings were not notices of termination, landlord's continued acceptance of rent after the expira-

tion of the six-month period, and prior to the effective dates of the 30-day notices, did not vitiate the six-month notices.

■ Finally, tenants argue that landlord was required to prove, at trial, that it had a definite plan for the change in use and that it had taken affirmative steps to accomplish its goal. However, Real Property Law § 233 (b) (6) (i) states that an owner of a manufactured home park may evict a tenant if it "proposes a change in the use of the land." The statute does not require a definite plan or affirmative steps to implement the plan.

Moreover, the District Court found that landlord had demonstrated that it intended to change the use of the property to something other than that of a manufactured home park. The decision of a factfinder should not be disturbed upon appeal unless it is obvious that his conclusions could not be reached under any fair interpretation of the evidence (*see Claridge Gardens v Menotti*, 160 AD2d 544 [1990]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as the factfinder's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords the factfinder a better perspective from which to evaluate the credibility of the witnesses (*see Vizzari v State of New York*, 184 AD2d 564 [1992]; *Kincade v Kincade*, 178 AD2d 510 [1991]). Several different witnesses testified as to landlord's initial intent to develop the property as condominiums or apartments, as well as its continued intent to cease its operation as a manufactured home park. There is nothing in the record that would support disturbing the final judgments.

Accordingly, the final judgments are affirmed.

IANNACCI, J.P., TOLBERT and GARGUILO, JJ., concur.