Manley Laundromat Inc., Petitioner-Respondent, 
against
Su Gui Wu, Respondent-Appellant.



Respondent Su Gui Wu appeals from a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about July 1, 2015, after a nonjury trial, which awarded possession to petitioner in a holdover summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered on or about July 1, 2015, affirmed, with $25 costs.
We agree, essentially for reasons stated by the trial court, that respondent Su Gui Wu failed to meet her "affirmative obligation" to establish succession to the subject rent controlled apartment as a non-traditional family member of the deceased tenant (see 9 NYCRR 2204.6[d][3][i]). Based on the extensive testimonial and documentary evidence presented at trial, the court was warranted in finding that respondent's relationship with tenant was not characterized by the requisite "emotional and financial commitment and interdependence" (9 NYCRR 2204.6[d]), but was, as the court stated, "largely one sided with respondent using tenant's home and income for her own purposes." Indeed, the record shows that: in 2006, respondent removed the elderly tenant - who was suffering from dementia, incontinence, and impaired sight and hearing - from a nursing home, where tenant had been residing for six years, and placed tenant in the subject fourth floor walk-up apartment, without furnishing tenant with sufficient home care services; respondent utilized tenant's social security income and retirement pension for her own purposes; respondent ultimately abandoned tenant when tenant had been readmitted to a nursing home, declining to take tenant back to the apartment, even though tenant's discharge was feasible; and during the relevant period, respondent's Massachusetts home was condemned as unfit for human habitation.
The decision of the fact-finder should not be disturbed upon appeal unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (see Claridge Gardens v Menotti, 160 AD2d 544, 544—545 [1990]). Here, given the totality of the evidence before the trial court, and in view of the court's assessment that "respondent's testimony was incoherent, inconsistent, unsubstantiated and lacking in credibility," we find no [*2]cause to disturb its determination that respondent failed to meet her affirmative obligation of establishing the type of "emotional and financial commitment and interdependence" necessary to establish a right of succession as a non-traditional family member.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 28, 2016