Royal Terrace Associates L.P., Petitioner-Landlord-Respondent, 
against
Bhagwandai Singh, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Sabrina B. Kraus, J.), entered January 26, 2018, after a nonjury trial, which awarded landlord possession and a recovery of rent arrears in the amount of $1,375 in a nonpayment summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered January 26, 2018, affirmed, without costs, for the reasons stated by Sabrina B. Kraus, J. at Civil Court. 
Giving due deference to the trial court's detailed findings of fact and credibility (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), we find no basis to disturb the court's resolution of the rent issues surrounding the subject garage space, a required ancillary service under rent stabilization (see Rent Stabilization Code [9 NYCRR] § 2520.6[r][3]). The court's finding that the "parties always have intended to have the rental of the [garage space] be over and above the apartment rental," is supported by a fair interpretation of the evidence, including the credited testimony of the building manager, the separate leases executed by tenant for the garage space, and tenant's payment history. Indeed, the evidence shows, and the court found, that tenant requested to have the rent amounts separated in order to qualify for FEPS and DRIE, and landlord accommodated that request.
The trial court also properly applied a four year look back period to determine whether the rent charged was a legal rent, and tenant failed to provide sufficient indicia of fraud to warrant consideration of the rental history beyond four years (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 164 AD3d 420, 427 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2018