178 East 70th Street LLC, Petitioner-Landlord-Appellant,
against
Carol Woodward, Respondent-Tenant, and Zachary Levy, Respondent-Undertenant-Respondent.




Petitioner appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about December 18, 2017, after a nonjury trial, in favor of respondent Zachary Levy dismissing the petition as against him in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about December 18, 2017, affirmed, with $25 costs.
It is well established that, in the context of a nonjury trial, the trial court's fact-finding "should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], quoting Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Although an appellate court enjoys the power to review the record as broad as that of a trial court, due regard must be given to the decision of the trial judge who was in a position to assess the evidence and the credibility of the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
Upon our independent review of the record, we find no basis to disturb Civil Court's findings. In particular, the evidence showed that respondent, Zachary Levy, continuously resided in the apartment with his mother, the record tenant, since his birth in 1973. The evidence further established that in 1999, tenant notified petitioner by phone and in writing that she was vacating [*2]the premises and requesting a renewal lease in the name of her son. Moreover, following her vacatur, tenant's adult children, respondent and his brother, repeatedly contacted landlord seeking instructions on how to obtain a renewal lease in their name. As a result of petitioner's failure to respond to their requests, tenant continued to sign renewal leases and pay rent thereafter. Respondent even added his "name and signature to one of the leases but petitioner used white out to cover-up his name before signing the lease."
On this record, we agree with the trial court that respondent, the son of the rent stabilized tenant, who lived in the apartment his entire life, including the requisite period prior to the permanent vacatur of his mother, is entitled to succession (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]). We also agree with the trial court that this matter is distinguishable from Third Lenox Terrace Assoc. v Edwards (91 AD3d 532 [2012]) (see also Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]), in view of the trial court's fully supported findings that tenant and respondent repeatedly and timely notified petitioner, both orally and in writing, that tenant had vacated and respondent sought a renewal lease in his name (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 32-33 [1998]), and that petitioner failed to respond to their requests.
Proper application of the broad remedial purpose of the rent stabilization succession rule (see Rent Stabilization Code § 2523.5[b][1]), i.e., to prevent displacement of family members who have been residing with tenants at housing accommodations for long periods of time (see Festa v Leshen, 145 AD2d 49 [1989]), cannot require the eviction of respondent from his life-long residence in these circumstances, where both he and tenant timely and diligently notified landlord of tenant's departure and respondent's status as family member (see 245 Realty Assoc. v Sussis, 243 AD2d at 32-33), but were unable to navigate the "impenetrable thicket [of the rent laws], [which are] confusing not only to lay[persons] but to lawyers" (Matter of 89 Christopher v Joy, 35 NY2d 213, 220 [1974]; see BPP ST Owner LLC v Nichols, 63 Misc 3d 18, 2019 NY Slip Op 29057 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 2, 2020