Friendly Hands Apts. LLC v Friendly Hands, Inc. (2020 NY Slip Op
50764(U))

[*1]

Friendly Hands Apts. LLC v Friendly Hands, Inc.

2020 NY Slip Op 50764(U) [67 Misc 3d 144(A)]

Decided on June 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Edmead, Torres, JJ.

570344/19

Friendly Hands Apartments LLC, 
 Petitioner-Landlord-Respondent,
against
Friendly Hands, Inc., Respondent-Tenant-Appellant, -and-
Friendly Hands Apartments Housing Development Fund Company, Inc.,
Respondent-Undertenant-Appellant.

Tenant and undertenant appeal from a "decision and order" of the Civil Court of the
City of New York, New York County (Dakota D. Ramseur, J.), entered May 28, 2019,
after a nonjury trial, which awarded possession to landlord in a holdover summary
proceeding.

Per Curiam.
Appeal from "decision and order" (Dakota D. Ramseur, J.), entered May 28, 2019,
deemed an appeal from the final judgment (same court and Judge) entered on the same
date, and so considered (see CPLR 5520[c]), final judgment affirmed, with $25
costs.
A fair interpretation of the evidence adduced at the trial of this holdover proceeding
supports the conclusion that tenant breached numerous obligations under the governing
commercial lease agreement. The lease specifically prohibited use of the demised
premises as "soup kitchen or other free food distribution center." Despite this prohibition,
which was an important contingency to maintain the low—income housing tax
credit for the nonparty investor-member of petitioner-landlord, the evidence showed, and
the trial court expressly found, that tenant operated the premises "as a soup kitchen or
food pantry, as recently as the final day of trial, with no intention to stop."
The evidence also supports the finding that tenant breached the lease by, inter alia,
failing to procure comprehensive public liability and property damage insurance naming
landlord as an additional insured, failing to obtain a final public assembly permit and by
making extensive renovations without the necessary permits. In the latter regard,
although landlord was aware of and acquiesced in the installation of kitchen equipment
in the demised premises, which was authorized under a 2010 Loan Agreement, tenant
"still was required, but failed, to obtain the required permits or governmental approvals
prior to or after the work was completed" (1894 [*2]Eastchester Professional
Bldg., Ltd. v Christopher, 59 Misc 3d 141[A], 2018 NY Slip Op 50626[U] [App
Term, 1st Dept 2018]). As the trial court noted, the issue was not the kitchen's existence
but, rather, its permitted use under the lease.
Nor did tenant establish its defense of unclean hands. Tenant failed to adduce
evidence showing that landlord was "guilty of immoral or unconscionable conduct
directly related to the subject matter" (Frymer v Bell, 99 AD2d 91, 96
[1984]).
On a bench trial, the decision of the fact-finding court should not be disturbed upon
appeal unless it is obvious that the court's conclusions could not be reached under any
fair interpretation of the evidence, especially when the findings of fact rest in large
measure on considerations relating to the credibility of witnesses (see Claridge
Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Here, the evidence supports
the trial court's findings. The admittedly tangled web of relationships between the parties
does not obscure tenant's multiple lease defaults, firmly established at trial, nor do they
warrant disturbing the court's determinations of credibility. The motive, interests,
truthfulness and other tests of the reliability of witnesses can be passed upon with greater
safety by a trial judge who sees and hears the witnesses than by appellate judges who
simply read the printed record (see Annan v New York State Off. of Mental Health, 165 AD3d
1020, 1021 [2018]).
We have examined appellants' remaining contentions and find them unavailing.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.

Clerk of the Court
Decision Date: June 25, 2020