33-39 E. 60th St. LLC v Huston (2021 NY Slip Op 50972(U))

[*1]

33-39 E. 60th St. LLC v Huston

2021 NY Slip Op 50972(U) [73 Misc 3d 132(A)]

Decided on October 14, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570255/20

33-39 East 60th Street LLC, c/o Sol
Goldman Investments LLC, Petitioner-Landlord-Appellant,
against
Michael Huston, Respondent-Tenant-Respondent, and Michael Bacle
a/k/a Michael LeBacle, "John Doe" and "Jane Doe,"
Respondents-Undertenants.

Landlord appeals from an amended final judgment of the Civil Court of the City of New
York, New York County (Anne Katz, J.), entered October 3, 2019, after a nonjury trial, in favor
of tenant dismissing the petition in a holdover summary proceeding.

Per Curiam.
Amended final judgment (Anne Katz, J.), entered October 3, 2019, affirmed, with $25
costs.
In this summary holdover proceeding to recover possession of a loft unit in an interim
multiple dwelling on the ground that it had not been occupied as a primary residence (see
29 RCNY § 2-08.1), Civil Court determined, after a nonjury trial, that landlord failed to
meet its burden to establish nonprimary residency by a preponderance of the evidence. We see no
basis to disturb Civil Court's resolution of the issues of fact raised at the trial of this matter since
it is "not obvious that the court's conclusions could not be reached under any fair interpretation of
the evidence, especially when the findings of fact rest in large measure on considerations relating
to the credibility of witnesses" (Claridge Gardens v Menotti, 160 AD2d 544, 545 [1990]).
The testimonial and documentary evidence, fairly interpreted, supports a finding that the tenant
maintained a substantial, physical nexus to the apartment for actual living purposes which is
reflected on most of his important documents, such as his driver's license, voter registration, tax,
banking and Social Security records, and that his temporary absences from the apartment,
including a lengthy hospitalization, were excusable (see 542 E. 14th St. LLC v Lee, 66 AD3d 18 [2009]).
Even assuming that the Court erred in limiting the temporal scope of the trial evidence to
[*2]the "2014 calendar year," any such error does not require
reversal in the particular circumstances of this case. Tenant was a statutory tenant and no
particular lease renewal term was in effect. Nevertheless, landlord obtained broad discovery for
the two-year period prior to the June 30, 2015 termination of the tenancy, and was in possession
of its own video surveillance of tenant's comings and goings from the premises. However, when
the court requested the submission of papers regarding its decision to limit the temporal scope of
evidence, landlord did not make any offer of proof at that time (or thereafter) regarding evidence
outside the calendar year 2014 that would affect the outcome of the case (see 184-188 Claremont Invs., LLC v
Nelson, 46 Misc 3d 148[A], 2015 NY Slip Op 50235[U] [App Term, 1st Dept
2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 14, 2021