Florim Realty Corp. v Paulino (2023 NY Slip Op 51206(U))

[*1]

Florim Realty Corp. v Paulino

2023 NY Slip Op 51206(U)

Decided on November 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

23-061

Florim Realty Corp., Plaintiff-Respondent,
against
Jose Paulino, Defendant-Appellant, and Stephanie Rojas, Defendant.

Defendant Jose Paulino appeals from an "decision and order" of the Civil Court of the City of New York, Bronx County (Naita A. Semaj, J.), entered October 15, 2019, after a nonjury trial, in favor of plaintiff awarding it damages against defendants in the principal sum of $11,822.32.

Per Curiam.
Appeal from "decision and order" (Naita A. Semaj, J.), entered on October 15, 2019, deemed an appeal from the ensuing judgment (same court and Judge), entered February 10, 2022, and so considered (see CPLR 5520[c]), judgment modified to reduce plaintiff's damage award to the principal sum of $10,622.86; as modified, judgment affirmed, without costs.
Except as indicated, the trial court's resolution of the breach of lease and other issues litigated below is supported by a fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). On this record, there is no basis to disturb the court's determination that defendant Paulino executed a lease and lease renewal for the subject apartment "without any intent of occupying the premises so that his son can cohabit the premises with defendant Rojas," a finding which rested in large measure on the court's negative assessment of Paulino's credibility, most notably his "incredible" and "self-serving" testimony. The record also showed and the court expressly found that Paulino's son "remained in the premises" at the expiration of the lease term, "necessitating a holdover proceeding." As a result, Paulino was correctly held liable for holdover damages (see Stahl Assoc. Co. v Mapes, 111 AD2d 626 [1985]).
We modify the judgment to credit defendants' ($1,200.00) security deposit, since plaintiff claimed no basis to retain it.
Defendant's remaining contentions have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 17, 2023