Guoco Hempstead Prop., LLC v Eltaiar (2025 NY Slip Op 50842(U))

[*1]

Guoco Hempstead Prop., LLC v Eltaiar

2025 NY Slip Op 50842(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2023-1184 Q C

Guoco Hempstead Property, LLC, Respondent,
against
Bendary Eltaiar, Appellant, "XYZ Corp.", John Doe and Jane Doe, Undertenants. 

Bendary Eltaiar, appellant pro se.
David S. Harris, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Claudia Lanzetta, J.), dated October 11, 2023. The order, after a hearing, denied tenant's motion to be restored to possession in a nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs.
In this commercial nonpayment proceeding commenced by the prior owner of the property, Bernadette Severe, Severe and tenant entered into a so-ordered stipulation pursuant to which a final judgment was entered and a warrant was issued and stayed for scheduled payments to be made. Tenant was evicted and promptly moved to be restored to possession, and tenant appealed to this court from the denial of that motion. In that prior appeal (Guoco Hempstead Prop., LLC v Eltaiar, 66 Misc 3d 145[A], 2020 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), this court reversed the order and remitted the matter for a hearing "to determine, first, whether tenant was on notice to make the payments to the new owner and, if not, whether tenant was in substantial compliance with the stipulation" (id. at *2). The Civil Court (Claudia Lanzetta, J.) held a hearing and, by order dated October 11, 2023, denied tenant's motion to be restored to possession. In reviewing the testimonial and documentary evidence, the court noted several contradictions in tenant's testimony, the apparent doctoring of tenant's documentary evidence, and the imperfect yet ultimately considerable evidence provided by landlord that it had established communication with tenant, that it properly notified tenant of the change in ownership, and that it had not received the required rental payments.
The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). The determination of a trier of fact as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). Upon a review of the record, we find that the Civil Court's determination is supported by the evidence, and thus its determination will not be disturbed.
Tenant's remaining contention is unpreserved.
Accordingly, the order is affirmed.
BUGGS, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025