957 Park Ave. LLC v Ordonez (2025 NY Slip Op 52043(U))

[*1]

957 Park Ave. LLC v Ordonez

2025 NY Slip Op 52043(U)

Decided on December 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

571276/25

957 Park Avenue LLC, Petitioner-Respondent,
against
Francisco Ordonez, Respondent-Appellant.

Respondent Francisco Ordonez appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about October 7, 2024, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about October 7, 2024, affirmed, with $25 costs.
A fair interpretation of the evidence supports the trial court's finding that respondent Ordonez failed to meet his "affirmative obligation" to establish succession to the subject rent-controlled apartment as a nontraditional family member of the now-deceased tenant (NY City Rent & Eviction Regs [9 NYCRR] 2204.6 [d] [3] [i]). Based upon the evidence at trial, the court was warranted in finding that respondent's relationship with tenant was not characterized by the requisite "emotional and financial commitment and interdependence" (9 NYCRR 2204.6 [d]), but was, as the court stated, "one-sided."
While respondent (born in 1975) named tenant (born in 1927) as health care proxy and as beneficiary of a fraction of an insurance policy, tenant did not reciprocate, and instead, named his family members on his will, living will, durable power of attorney and healthcare proxy, and emergency contact. The trial court, as factfinder, appropriately considered the vast age difference between respondent and tenant in assessing the significance of the documents, noting that the designation of beneficiaries and proxies are "more consequential for an ostensible family member in his eighties than the family member in his thirties and forties." The emails between tenant and respondent revealed, as the court put it, "a similarly asymmetric dynamic." Although respondent referred to tenant as "dad" and signed emails as "your son," tenant did not respond in kind.
Based on this record, the trial court was warranted in concluding that the totality of the actions paint a picture of a "younger person [respondent] making attempts to be deemed a family member of an older person who tolerates it at best but is not on board" (see 390 W. End Assoc. v [*2]Wildfoerster, 241 AD2d 402 [1997]; Manley Laundromat Inc. v Su Gui Wu, 51 Misc 3d 142[A], 2016 NY Slip Op 50673[U] [App Term, 1st Dept 2016]).
The decision of the factfinder should not be disturbed upon appeal unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (see Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Here, given the totality of the evidence before the trial court, we find no cause to disturb its determination that respondent failed to meet his affirmative obligation of establishing the type of emotional and financial commitment and interdependence necessary to establish a right of succession as a nontraditional family member.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 23, 2025