■ ASCOT REALTY LLC, Respondent, v GEOFFREY RICHSTONE, Appellant. [781 NYS2d 513]—

Order of the Appellate Term of the Supreme Court, First Department, entered August 21, 2003, which affirmed a judgment of the Civil Court, New York County (Jean T. Schneider, J.), entered May 10, 2001, after a nonjury trial, granting possession to petitioner landlord in this nonprimary residence summary proceeding, unanimously reversed, on the law, without costs, the judgment of the Civil Court vacated and the petition dismissed.

Despite the absence of any objection to testimony that the tenant continued staying in his friend's apartment subsequent to service of the notice of termination, such testimony was irrelevant to the issue of whether at the time petitioner served the notice of termination, respondent tenant continued to maintain a substantial physical nexus to the premises. The trial court found the tenant's explanation of the reasons for his two-year absence from his rent controlled apartment incredible. However, it is undisputed that the apartment was the tenant's primary residence for more than 30 years before he moved into his friend's apartment while his apartment was being fully refurbished. The fact that such refurbishment took a year and a half rather than the original estimate of three months; that the tenant preferred to sleep in his friend's apartment rather than in his own cluttered, dirty and undecorated apartment; and that he seemed to be in no hurry to finish the redecoration of his apartment while this eviction proceeding was pending, is insuf-

ficient to establish that, at the time the notice of termination was served, on May 11, 2000, in the midst of the refurbishment, the subject apartment was not the tenant's primary residence. Were we to reach the issue, we would find the Civil Court's determination to the contrary to be against the weight of the evidence. Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ. [*See* 2003 NY Slip Op 51244(U).]