

[999 NE2d 159, 976 NYS2d 681]

409-411 Sɪxᴛʜ Sᴛʀᴇᴇᴛ, LLC, Appellant, v Mᴀsᴀᴋᴏ Mᴏɢɪ, Respondent.

Decided October 10, 2013

### APPEARANCES OF COUNSEL

*Belkin Burden Wenig & Goldman, LLC*, New York City (*Magda L. Cruz* of counsel), for appellant.

*De Castro Law Firm*, Woodside (*Steven M. De Castro* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for further proceedings in accordance with this memorandum. The certified question should not be answered upon the ground that it is unnecessary.

Landlord 409-411 Sixth Street, LLC commenced a holdover proceeding to evict tenant Masako Mogi from her rent-stabilized apartment in New York City on the ground that she was not using the apartment as her primary residence as required by Rent Stabilization Code (9 NYCRR) § 2524.4. After a bench trial, New York City Civil Court found in landlord's favor, determining that tenant had not used the apartment as her primary residence. The Appellate Term affirmed the judgment, concluding that a fair interpretation of the evidence supported the Civil Court's determination (27 Misc 3d 126[A], 2010 NY Slip Op 50511[U] [App Term, 1st Dept 2010]). In a 3-2 decision, the Appellate Division reversed the Appellate Term order, denied the holdover petition, and dismissed the proceeding (100 AD3d 112 [2012]).

We agree with the dissenting opinion that the Appellate Division applied the incorrect standard of review to the Appellate Term order. In primary residence cases, where the Appellate Division acts as the second appellate court,

> "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when

the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-555 [1st Dept 1990]; *see also Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]).

The Appellate Division did not apply this standard of review to this case, instead substituting its own view of the trial evidence. Accordingly, the case needs to be remitted to that Court to apply the appropriate standard of review.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, with costs, case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein, and certified question not answered upon the ground that it is unnecessary.