■ 409-411 Sixth Street LLC, Respondent, v Masako Mogi, Appellant. [979 NYS2d 19]—

Upon remittitur from the Court of Appeals (22 NY3d 875 [Oct. 10, 2013]), the order of the Appellate Term of the Supreme Court, First Department, entered March 29, 2010, which affirmed a final judgment of the Civil Court, New York County (Jean T. Schneider, J.), entered on or about August 8, 2008, awarding possession to the petitioner landlord in a holdover summary proceeding, is unanimously affirmed, without costs.

Landlord 409-411 Sixth Street, LLC commenced a holdover proceeding to evict tenant Masako Mogi from her rent-stabilized apartment in New York City on the ground that she was not using the apartment as her primary residence as required by the Rent Stabilization Code (9 NYCRR 2524.4 [c]). After a nonjury trial, Civil Court found in landlord's favor, determining that tenant had not used the apartment as her primary residence. The Appellate Term affirmed the judgment, concluding that a fair interpretation of the evidence supported the Civil Court's determination. In a 3-2 decision, this Court reversed the Appellate Term order, denied the holdover petition, and dismissed the proceeding.

Subsequently, the Court of Appeals reversed, finding that we applied the incorrect standard of review. Specifically, the Court held that in primary residence cases, where the Appellate Division acts as the second appellate court, " 'the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses,' " (*409-411 Sixth St., LLC v Mogi*, 22 NY3d 875, 876-877 [2013], citing *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1st Dept 1990]).

Applying this standard, we find that competent evidence in the record supports the trial court's conclusion that the tenant actually resided in a house in Vermont from 2004 to 2006, and that she had not used her New York apartment as her primary residence during that same time. The tenant's attempt to

explain away this fact merely raises questions of fact and credibility for the trial court (*see Menotti*, 160 AD2d at 544; *542 E. 14th St. LLC v Lee*, 66 AD3d 18, 22 [1st Dept 2009]). Concur—Mazzarelli, J.P., Friedman, Renwick and Freedman, JJ.