■ In the Matter of 135 West. 13 LLC, Respondent, v Judith Stollerman et al., Appellants. [55 NYS3d 52]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about May 3, 2016, which reversed a judgment of the Civil Court, New York County (Sheldon J. Halprin, J.), entered on or about December 10, 2012, after a

nonjury trial, dismissing the holdover petition, and awarded possession of the subject rent-stabilized apartment to petitioner landlord, unanimously reversed, on the law, with costs, the petition denied, and the proceeding dismissed. The Clerk is directed to enter judgment accordingly.

Respondents, who are in their 80s, have been joint lessees of a studio apartment and a one-bedroom apartment, Apartments 3 and 4, respectively, the only apartments on the second floor of the subject premises, for more than 40 years, under a succession of landlords. Petitioner, the current landlord, established prima facie that Apartment 4 was not respondents' primary residence by presenting surveillance video and Con Edison's records of electrical usage (*see* Rent Stabilization Code [9 NYCRR] § 2524.4 [c]; *Glenbriar Co. v Lipsman*, 5 NY3d 388, 392 [2005]). However, respondents rebutted petitioner's case and demonstrated that the two apartments were treated as a combined primary residence (*see Glenbriar Co. v Lipsman*, 5 NY3d at 393; *Sharp v Melendez*, 139 AD2d 262 [1st Dept 1988], *lv denied* 73 NY2d 707 [1989]), and there is no evidence that respondents' living arrangement was entered into as a means of avoiding rent stabilization laws (*see Riverside Syndicate, Inc. v. Munroe*, 10 NY3d 18 [2008]).

The trial court's findings were reached under a fair interpretation of the evidence, and are thus entitled to deference (*see 409-411 Sixth St., LLC v Mogi*, 22 NY3d 875 [2013]; *542 E. 14th St. LLC v Lee*, 66 AD3d 18, 22 [1st Dept 2009]). The court credited respondents' testimony as to respondent Sandow's decision to sleep in Apartment 3 temporarily, due to the situation created by the upstairs neighbor and a perceived threat posed by the scaffold and shed located outside the window(s) of that apartment (*see 542 E. 14th St.*, 66 AD3d at 19; *Ascot Realty LLC v Richstone*, 10 AD3d 513 [1st Dept 2004], *lv dismissed* 4 NY3d 842 [2005]).

The evidence of limited electrical consumption in Apartment 4 does not compel a finding of nonprimary residence, given respondent Sandow's explanation for it, which includes her inability to use the kitchen and shower there. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.