Matter of 222 E. 12 Realty v Yuk Kwan So (2018 NY Slip Op 00610)





Matter of 222 E. 12 Realty v Yuk Kwan So


2018 NY Slip Op 00610


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5571 570277/15

[*1]In re 222 East 12 Realty, Petitioner-Respondent,
v
Yuk Kwan So, Respondent-Appellant, "John Doe", etc., et al., Respondents.


Mobilization For Justice Inc., New York (Brian J. Sullivan of counsel), for appellant.
Kossoff, PLLC, New York (Alexander B. Fotopoulos of counsel), for respondent.



Order, Appellate Term, First Department, entered January 12, 2017, which affirmed an order of the Civil Court, New York County (Jack Stoller, J.), entered on or about December 31, 2014, granting petitioner's motion for a judgment of possession pursuant to a stipulation settling a summary holdover proceeding, unanimously affirmed, without costs.
Civil Court's conclusion that respondent was in breach of the parties' stipulation is supported by a fair interpretation of the evidence (see 409-411 Sixth St., LLC v Mogi, 22 NY3d 875 [2013]). Pursuant to the stipulation, respondent agreed to refrain from "all conduct specified [in the termination notice]" (the "Alleged Nuisance Conditions"). Respondent's contention that, to establish a breach, petitioner was therefore required to prove that he had engaged in "all" the conduct that created the Alleged Nuisance Conditions is a distortion of the plain meaning of the stipulation and is illogical. The photographs presented by petitioner at the hearing amply demonstrate the existence of an Alleged Nuisance Condition.
Civil Court properly ruled that respondent was not entitled to an additional opportunity to cure. The stipulation said that if petitioner prevailed at the hearing the court would enter a final judgment of possession providing for a warrant of eviction "with no further stays." In effect, the stipulation itself was the cure, providing respondent with ample opportunity to remedy the nuisance conditions present.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK