Matter of Houston St. Mgt. Co. v La Croix (2018 NY Slip Op 01241)





Matter of Houston St. Mgt. Co. v La Croix


2018 NY Slip Op 01241


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5564 570987/14

[*1]In re Houston Street Management Co., Petitioner-Respondent,
v
Suzanne La Croix, Respondent-Appellant.


Law Office of Harriette N. Boxer, Brooklyn (Harriette M. Boxer of counsel), for appellant.
Kossoff PLLC, New York (Steven Y. Steinhart of counsel), for respondent.



Order of the Appellate Term of the Supreme Court, First Department, entered January 12, 2017, which affirmed a judgment of the Civil Court, New York County (Laurie L. Lau, J.), entered November 17, 2014, after a nonjury trial, granting the petition for a final judgment of possession in this nonprimary residence holdover proceeding, unanimously affirmed, without costs.
"In primary residence cases, where the Appellate Division acts as the second appellate court, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013] [internal quotation marks omitted]). Civil Court's determination, affirmed by Appellate Term, that respondent no longer uses the subject apartment as her primary residence, and that her testimony that she had been in Florida during the nine-month period through December 2010 for medical reasons was "not credible," plainly constitutes a fair interpretation of the evidence. Contrary to the view of the dissenting Appellate Term justice, petitioner established a prima facie case by proving that respondent was not residing in the apartment during the periods at issue, and it then became respondent's burden to establish excuses for these absences, which Civil Court and Appellate Term fairly concluded she failed to do. While we are mindful that respondent has been the tenant of this apartment for many years, this history does not permit her to continue to enjoy the benefits of a rent-stabilized leasehold that she no longer uses as her primary residence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK