Matter of 92 Cooper Assoc., LLC v Roughton-Hester (2018 NY Slip Op 06489)





Matter of 92 Cooper Assoc., LLC v Roughton-Hester


2018 NY Slip Op 06489


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7203 570427/17 66968/14

[*1]In re 92 Cooper Assoc., LLC, Petitioner-Respondent-Appellant,
v
Peggy Roughton-Hester also known as Peggy Maloof, Respondent-Appellant-Respondent.


Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (William Gribben of counsel), for appellant-respondent.
Sperber Denenberg & Kahan, PC, New York (Eric Kahan of counsel), for respondent-appellant.



Order of the Appellate Term of the Supreme Court, First Department, entered December 4, 2017, which reversed a judgment of the Civil Court, New York County (Jean Schneider, J.), entered on or about November 7, 2016, after a nonjury trial, awarding possession of the subject rent-stabilized apartment to petitioner landlord in this nonprimary residence holdover proceeding, and directed a new trial, unanimously reversed, on the law, without costs and the judgment of possession awarded in favor of petitioner landlord reinstated. The clerk is directed to enter judgment accordingly.
The trial court's determination that respondent did not utilize the subject apartment as a primary residence was based on a fair interpretation of the evidence, including respondent's testimony that she spent only 139 and 161 days in the apartment in 2012 and 2013, respectively, and used a Pennsylvania address on her tax returns and voter registration records. Although other records listed the apartment as respondent's address, the trial court properly concluded that she did not maintain a substantial physical nexus with the apartment during the relevant period. Since the trial court's findings were supported by a fair interpretation of the evidence, Appellate Term and this Court may not substitute their own views of the trial evidence (see 409-411 Sixth St., LLC v Mogi, 22 NY3d 875 [2013]; Matter of Houston St. Mgt. Co. v La Croix, 158 AD3d 554 [1st Dept 2018]; Matter of 135 W. 13 LLC v Stollerman, 151 AD3d 598 [1st Dept 2017]).
In the context of a housing dispute over a tenant's statutory rights of occupancy, no single factor "shall be" dispositive of the issue of primary residence, including the place of residence identified on a tax return (9 NYCRR 2520.6[u][1]). It is but one factor to be considered in resolving the dispute and determining that issue (Matter of Brookford, LLC v New York State Div. of Hous. & Community Renewal, — NY3d — [2018], 2018 NY Slip Op 04381; compare Mahoney-Buntzman v Buntzman, 12 NY3d 415 [2009])
Notwithstanding the trial court's use of the word "dispositive" in its decision, it is evident [*2]from the four corners of the trial court's order that respondent's tax returns and voter registration records were not, in fact, the sole factors it considered in deciding that respondent does not maintain the apartment as her primary residence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK