315 West 113th Street, LLC, Petitioner-Landlord-Respondent, 
against
Donald Taylor, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil court of the City of New York, New York County (Jack Stoller, J.), entered April 23, 2018, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered April 23, 2018, affirmed, without costs.
In a primary residence case such as this, "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013] [internal quotation marks and citation omitted]; see Matter of Houston St. Mgt. Co. v La Croix, 158 AD3d 554 [2018]; Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Applying this standard, we find that competent evidence in the record supports the trial court's conclusion that the tenant actually resided in Tennessee from April 2013 through March 2015, and that he had not used his New York apartment as his primary residence during that same time. Among the factors the court relied upon in its detailed decision were the "exclusivity of financial activity [by tenant] in Tennessee" for the bulk of the Golub period, his use of a Tennessee bank to receive income, his Tennessee driver's license, his "chartering of a business in Tennessee," his "extensive social and family ties to Tennessee," and the lack of electricity usage in the subject premises (see Matter of 92 Cooper Assoc., LLC v Roughton-Hester, 165 AD3d 416 [2018]).
Tenant's attempt to show that his absence from the premises was excusable merely raised questions of fact and credibility for the trial court (see 409-411 Sixth Street LLC v Mogi, 112 AD3d 558, 558-559 [2013]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 22 [2009]). Due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 24, 2019