Housing Dev. Assoc., LLC v Fitzgerald (2021 NY Slip Op 51081(U))

[*1]

Housing Dev. Assoc., LLC v Fitzgerald

2021 NY Slip Op 51081(U) [73 Misc 3d 137(A)]

Decided on November 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570144/21

Housing Development Associates, LLC,
Petitioner-Landlord-Respondent, 
against
Kerry Fitzgerald, Respondent-Tenant-Appellant, and "John Doe" and
"Jane Doe," Respondents-Undertenants.

Tenant appeals from a "decision/order" of the Civil Court of the City of New York, New
York County (Anne Katz, J.) dated October 29, 2019, after a nonjury trial, which awarded
possession to landlord in a holdover summary proceeding.

Per Curiam.
Appeal from "decision/order" (Anne Katz, J.), dated October 29, 2019, deemed an appeal
from the ensuing final judgment (same court and Judge) entered October 30, 2019, and so
considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs.
In a nonprimary residence case such as this, the decision of the fact-finding court should not
be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached
under any fair interpretation of the evidence, especially when the findings of fact rest in large
measure on considerations relating to the credibility of witnesses (see Claridge Gardens v
Menotti, 160 AD2d 544, 545 [1990]; 409-411 Sixth St., LLC v Mogi, 22 NY3d 875,
876-877 [2013]). Applying this standard, we find that competent evidence in the record supports
the trial court's conclusion that tenant did not use his New York apartment as his primary
residence during the subject period. Building employees credibly testified that they "rarely saw"
tenant at the subject premises; tenant's bank statements showed "consistent activity" on an
ongoing basis in Washington, D.C., for the bulk of the Golub period; tenant has a
Washington, D.C., driver's license and his car was registered and kept in Washington, D.C.;
tenant's automobile insurance, AAA membership and E-Z pass account reflected a Washington
D.C., address; and tenant admittedly kept his pet cat in a Washington, D.C., apartment.
Tenant's attempt to show that his absence from the premises was excusable merely raised
questions of fact and credibility for the trial court (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 22 [2009]). Due
regard must be given to the decision of the trial judge who was in the best [*2]position to assess the evidence and credibility of the witnesses
(see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]).
We have examined tenant's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 16, 2021