217 E. 88th St. & 212-234 E. 89th St. LLC v Keys (2022 NY Slip Op
50551(U))

[*1]

217 E. 88th St. & 212-234 E. 89th St. LLC v
Keys

2022 NY Slip Op 50551(U) [75 Misc 3d 135(A)]

Decided on June 30, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 30, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570102/22

217 East 88th Street & 212-234 East
89th Street LLC 
 c/o Sol Goldman Investments LLC, Petitioner-Landlord-Appellant,
against
Ellington P. Keys,
Respondent-Respondent.

Petitioner appeals from a final judgment of the Civil Court of the City of New York, New
York County (Jack Stoller, J.), entered November 14, 2017, after a nonjury trial, in favor of
respondent dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered November 14, 2017, affirmed, with $25 costs.
The trial court's determination that respondent Ellington Keys, son of the deceased rent
controlled tenant, met his affirmative obligation to establish succession rights to the subject
apartment (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d]),
represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v
Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). The
record, including the testimony of respondent and four nonparty witnesses, supported the trial
court's finding that respondent resided with the tenant in the apartment as his primary residence
for a period of no less than two years prior to tenant's death in August 2015. This finding was
also supported by documentary evidence including respondent's driver's license, financial and tax
records linking respondent to the subject premises during the two-year period.
While the record also includes leases signed by respondent for other apartments, this was
explained, to the satisfaction of the trial court, as related to his business as a nightlife promoter,
and corroborated by other evidence (see
Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). Similarly, the record supports the
conclusion that landlord's motion-activated surveillance video was of limited relevance and
reliability, since it covered only 8 months of the two-year period (ending 16 months before tenant
died); the operators of the system were initially instructed to look only for tenant; and when the
footage was viewed a second time to look for respondent, landlord "never introduced into
evidence any written summary of the investigator's second [*2]viewing of the video evidence." Since the trial court's findings were
supported by a fair interpretation of the evidence, we reject petitioner's suggestion that we should
substitute our own views of the trial evidence (see 409-411 Sixth St., LLC v Mogi, 22
NY3d 875 [2013]; Matter of 92 Cooper
Assoc., LLC v Roughton-Hester, 165 AD3d 416, 417 [2018]; Matter of 135 West. 13 LLC v
Stollerman, 151 AD3d 598 [2017]).
We have considered petitioner's remaining arguments and find them to be without merit.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 30, 2022