Barrett Japaning, Inc. v Bialobroda (2024 NY Slip Op 50298(U))

[*1]

Barrett Japaning, Inc. v Bialobroda

2024 NY Slip Op 50298(U)

Decided on March 22, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570614/23

Barrett Japaning, Inc., Petitioner-Landlord-Appellant,
against
Anna Bialobroda, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered on or about July 11, 2022, after a nonjury trial, which dismissed the petitions in consolidated holdover summary proceedings.

Per Curiam.
Final judgment (Anne Katz, J.), entered on or about July 11, 2022, affirmed, with $25 costs.
The trial court's finding that landlord unreasonably withheld consent to tenant's requests to sublease the premises, is supported by a fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]; see also 409—411 Sixth St., LLC v Mogi, 22 NY3d 875, 876—877 [2013]). Contrary to landlord's argument, the finding in a prior summary proceeding against tenant, involving a different sublease and proposed subtenant, that landlord reasonably refused permission to sublet does not have preclusive effect on these new proceedings. The doctrine of law of the case does not apply to these proceedings, and even if it did, this Court is not bound by law of the case (see Hutchings v Yuter, 108 AD3d 416 [2013]; Great Jones St. Realty Corp. v Chimsanthia, 74 Misc 3d 126[A], 2022 NY Slip Op 50035[U] [App Term, 1st Dept 2022]). Nor does res judicata apply, "since the conduct at issue here took place after the commencement of the prior action" (UBS Sec. LLC v Highland Capital Mgt., L.P., 159 AD3d 512 [2018], lv dismissed 32 NY3d 1080 [2018]). 
We have considered landlord's remaining argument and find it both unpreserved and unsubstantiated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2024