DNY 1 434-436 E. 76th LLC v Hammer (2025 NY Slip Op
50587(U))

[*1]

DNY 1 434-436 E. 76th LLC v Hammer

2025 NY Slip Op 50587(U) [85 Misc 3d 140(A)]

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 23, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570222/24

DNY 1 434-436 E. 76th LLC,
Petitioner-Landlord-Respondent,

against

Eileen Hammer, Respondent-Tenant-Appellant, and "Jane
Doe," Respondent.

Tenant appeals from an order of the Civil Court of the City of New York, New York
County (Jack Stoller, J.), dated May 22, 2024, after a nonjury trial, which awarded
possession to landlord in a holdover summary proceeding.

Per Curiam.

Appeal from order (Jack Stoller, J.), dated May 22, 2024, deemed an appeal from the
final judgment (same court and Judge), entered May 22, 2024, and so considered (see
CPLR 5520 [c]), final judgment affirmed, with $25 costs.

In primary residence cases, "the decision of the fact-finding court should not be
disturbed upon appeal unless it is obvious that the court's conclusions could not be
reached under any fair interpretation of the evidence, especially when the findings of fact
rest in large measure on considerations relating to the credibility of witnesses"
(Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]; see also
409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013]). Applying this
standard, we find that the evidence, fairly interpreted, supports the trial court's conclusion
that tenant did not use her New York apartment as her primary residence during the
relevant period. The record shows, and the court expressly found, that tenant was absent
from the premises for more than 75% of the two-year period prior to the July 30, 2020
expiration of her lease, during which time she resided in her daughter's home in Arizona,
and even excusing her absence due to the COVID-19 pandemic, she was still "absent
from the subject premises for a near-solid block of time from December 2018 through
March 2020, save for about three months."

In addition, tenant's doctor and dentist were located in Arizona, her cell phone had
an Arizona area code, tenant's niece resided in the subject apartment for several months
and "absent from [tenant's] case was any documentary evidence of the type that could
connect [her] with the subject premises." Tenant's attempts to otherwise explain her
absence merely raised questions of [*2]fact and
credibility for the trial court (see
409-411 Sixth St. LLC v Mogi, 112 AD3d 558, 558-559 [2013]). "[D]ue regard
must be given to the decision of the Trial Judge who was in a position to assess the
evidence and the credibility of the witnesses" (300 E. 34th St. Co. v Habeeb, 248
AD2d 50, 55 [1997] [internal quotation marks and citation omitted]).

"While we are mindful that respondent has been the tenant of this apartment for
many years, this history does not permit her to continue to enjoy the benefits of a
rent-stabilized leasehold that she no longer uses as her primary residence" (Matter of Houston St. Mgt. Co. v
La Croix, 158 AD3d 554, 555 [2018]).

Tenant's request to further stay execution of the warrant should be made in the first
instance to the trial court.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: April 23, 2025