700 Bklyn Realty, LLC v Samuel (2020 NY Slip Op 51115(U))

[*1]

700 Bklyn Realty, LLC v Samuel

2020 NY Slip Op 51115(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-705 K C

700 Bklyn Realty, LLC, et al., Appellants, 
against
Muriel Samuel, Tenant, and Cecelia DeSilva, Respondent, et al.,
Undertenants. 

Kaufman, Friedman, Plotnicki & Grun, LLP (Ari Grun of counsel), for appellant.
Ellery Ireland, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J.
Sikowitz, J.), entered January 9, 2019. The order denied landlords' motion for summary judgment
in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this nonprimary-residence holdover proceeding, occupant Cecelia DeSilva, tenant Muriel
Samuel's niece, asserts that she is entitled to succession rights. Landlords moved for summary
judgment dismissing occupant's succession-rights affirmative defense and awarding landlords a
final judgment of possession. In an order dated January 9, 2019, the Civil Court denied landlords'
motion and set the proceeding down for trial, finding that issues of fact prevented a grant of
summary judgment to landlords as a matter of law.
As set forth in the decision of the Appellate Division, Second Department, in Matter of Jourdain v New York State Div.
of Hous. & Community Renewal (159 AD3d 41, 46-47 [2018]), "the relevant one-
or two-year period (depending on whether or not the family member is a senior citizen or
disabled) in which the family member must 'reside with' the tenant is the one- or two-year period
immediately prior to when the tenant ceases residing at the housing accommodation" (see EB Bedford, LLC v Lee, 64 Misc
3d 39 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). In coming to that
conclusion, the Appellate Division found that "[r]egulations providing for succession rights 
should be liberally construed to carry out the reform intended and spread its beneficial effects as
widely as possible" (Matter of Jourdain, 159 AD3d at 45 [internal quotation marks
omitted]; see EB Bedford, LLC, 64 Misc 3d at 41).
In opposition to landlords' motion, occupant submitted evidence of having lived in the
premises since at least 1998, and landlords do not dispute that occupant has been living in the
premises for decades, albeit perhaps not continuously. In support of their claim for summary
[*2]judgment, landlords relied heavily on the fact that tenant and
occupant had "concealed" tenant's departure by continuing to sign renewal leases and pay the rent
under tenant's name since 2000. Landlords, however, admitted that they and landlords'
predecessor were informed of occupant's succession claim after tenant, her spouse, and occupant
had attempted to have the lease transferred to occupant, and via a letter from tenant informing
landlords' predecessor that she was granting succession rights to occupant. The transfer attempts
are not consistent with fraud or deceptive acts, but, seemingly, a lack of knowledge of succession
laws. Further, as this court held in another succession case, "[t]he uncertainty of the situation
may in many cases make it impossible to identify a precise permanent vacatur date" (EB
Bedford, LLC, 64 Misc 3d at 42). Here, it cannot be said, as a matter of law, that when tenant
moved out of the apartment, tenant or occupant knew that it was permanent at the time, or that
anything fraudulent had been done when tenant signed the renewal leases.
Landlords' assertion, that due to the delay and concealment by occupant asserting her claim
they are prejudiced in investigating occupant's claim, is insufficient to establish as a matter of
law that occupant is not entitled to succession rights. We note that the burden of proving that
tenant and occupant co-resided in the premises rests upon occupant (see Gottlieb v
Licursi, 191 AD2d 256 [1993];
Knoll v Cruz, 51 Misc 3d 146[A], 2016 NY Slip Op 50743[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020