645 Bklyn Realty, LLC v Bklyn Realty, LLC (2021 NY Slip Op 50085(U))

[*1]

645 Bklyn Realty, LLC v Beecher-Sakil

2021 NY Slip Op 50085(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through February 22, 2021; it
will not be published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1125 K C

645 Bklyn Realty, LLC, 645 Bklyn 
 12 Realty, LLC, Oceanwalk Beach Bklyn Realty, LLC, Oceanwalk Condo Bklyn 
 Realty, LLC, 780 Bklyn Realty, LLC, Minnetonka III Bklyn Realty, LLC, and 
 Minnetonka V Bklyn Realty, LLC, as Tenants-In-Common, Appellants, 
 against Sandra Beecher-Sakil, Respondent, et al.,
Undertenants.

Kaufman, Friedman, Plotnicki & Grun, LLP (Ari Grun of counsel), for appellant.
Ellery Ireland, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J.
Sikowitz, J.), dated February 21, 2019. The order granted separate motions by occupant Sandra
Beecher-Sakil for leave to reargue and leave to renew, respectively, her opposition to landlords'
prior motion for summary judgment, which prior motion had been granted in an order of that
court dated September 7, 2018, and, upon reargument and renewal, denied landlords' motion for
summary judgment in a licensee summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlords commenced this licensee proceeding (see RPAPL 713 [7]) in April 2018
to recover possession of the subject apartment alleging that Sandra Beecher-Sakil (occupant) was
a licensee of the tenant of record, Victor Johnson (tenant); that tenant died in June 2011; and that,
after tenant's renewal lease expired, occupant's license to occupy the apartment terminated. In her
answer, occupant asserted, among other things, that she had been a tenant on the initial lease for
the apartment, and that she had succession rights. Landlords moved for summary judgment on
the petition or, in effect, in the alternative, for summary judgment dismissing those affirmative
defenses. In an order dated September 7, 2018, the Civil Court granted landlords' motion for
summary judgment and awarded landlords a final judgment of possession. Occupant thereafter
moved for leave to reargue and, subsequently, separately moved for leave to renew, her
opposition to landlords' motion. In an order entered February 21, 2019, the Civil Court granted
occupant's motions, and, upon reargument and renewal, denied landlords' motion for summary
[*2]judgment. We affirm.
The Civil Court properly granted occupant's motion for leave to reargue her opposition to
landlords' motion for summary judgment to the extent that it was based upon her claim for
succession rights. The Civil Court was within its discretion to find that it had "overlooked or
misapprehended" (CPLR 2221 [d]) relevant factual issues in its September 7, 2018 order, and to
find, upon reargument, that occupant's sworn statements raised issues of fact with respect to
occupant's claim for succession rights and landlords' allegation that occupant waived that claim
(see Matter of Jourdain v New York
State Div. of Hous. & Community Renewal, 159 AD3d 41 [2018]; 700 Bklyn Realty, LLC v Samuel, 69
Misc 3d 126[A], 2020 NY Slip Op 51115[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]).
The Civil Court also properly granted occupant's motion for leave to renew to the extent that
it was based upon her claim that she is a tenant. Occupant submitted an affidavit executed by
Sharon Calder, who stated that she had rented the apartment to both tenant and occupant in 2007.
The Civil Court properly considered the affidavit, as occupant provided a reasonable justification
for her initial failure to present it to the court (see CPLR 2221 [e] [3]). Ms. Calder's
sworn statement regarding the original parties to the lease raised an issue of fact with respect to
occupant's affirmative defense asserting that she was not a licensee, but rather a tenant, in the
initial vacancy lease (see Rent Stabilization Code [9 NYCRR] § 2522.5 [g] [1];
Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983]).
In view of the foregoing, upon reargument and renewal, the Civil Court properly denied
landlords' motion for summary judgment.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021