1150 Brighton Co. v Persits (2021 NY Slip Op 50668(U))

[*1]

1150 Brighton Co. v Persits

2021 NY Slip Op 50668(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2019-1711 K C

1150 Brighton Co., Appellant,
against
Sophia Persits, as Administratrix of the Estate of Bella Persits, Alex
Persits, John Doe and Jane Doe, Respondents. 

Claro, PLLC (Joseph M. Claro of counsel), for appellant.
Brooklyn Legal Services (Jessica Reed of counsel), for respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(John H. Stanley, J.), entered April 13, 2017. The final judgment, entered pursuant to a decision
of that court dated March 10, 2017, after a nonjury trial, dismissed the petition in a holdover
summary proceeding.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
March 10, 2017 is deemed a premature notice of appeal from the final judgment entered April
13, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
In this nonprimary-residence holdover proceeding commenced in 2012, Alex Persits
(occupant), the stepson of Bella Persits (tenant) who died in 2015, asserts that he is entitled to
succession rights to the rent-stabilized premises (see Rent Stabilization Code [RSC] [9
NYCRR] § 2523.5 [b] [1]). The Civil Court, after a nonjury trial, found that occupant had
succession rights and dismissed the petition.
Contrary to landlord's argument, "the relevant one- or two-year period (depending on
whether or not the family member is a senior citizen or disabled) in which the family member
must 'reside with' the tenant is the one- or two-year period immediately prior to when the tenant
ceases residing at the housing accommodation" (Matter of Jourdain v New York State Div. of [*2]Hous. & Community Renewal, 159 AD3d 41, 46-47
[2018]; see 700 Bklyn Realty, LLC v
Samuel, 69 Misc 3d 126[A], 2020 NY Slip Op 51115[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]; EB
Bedford, LLC v Lee, 64 Misc 3d 39 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]). As it is undisputed that occupant is disabled, the one-year period is applicable
(see RSC § 2523.5 [b] [1]).
Here, the testimony and documentary evidence established that occupant had been living in
the subject apartment with tenant and her husband, occupant's father, for decades until illness
necessitated what was thought, at the time, to be the couple's temporary departure from the
apartment in 2008. Contrary to landlord's argument, it is not relevant that tenant may not have
resided in the apartment with occupant in the year prior to the expiration of the final renewal
lease in 2012, since the record supports a finding that occupant lived in the apartment with tenant
for the year prior to when tenant ceased residing in the apartment. Therefore, there is no basis to
disturb the Civil Court's determination that occupant had succession rights (see Matter of Jourdain v New York State
Div. of Hous. & Community Renewal, 159 AD3d 41). 
Accordingly, the final judgment is affirmed.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021