901 Bklyn Realty, LLC v Manigat (2021 NY Slip Op 51017(U))

[*1]

901 Bklyn Realty, LLC v Manigat

2021 NY Slip Op 51017(U) [73 Misc 3d 133(A)]

Decided on October 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through November 9, 2021; it
will not be published in the printed Official Reports.

Decided on October 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-702 K C

901 Bklyn Realty, LLC, 901 Bklyn 12
Realty, LLC, Oceanwalk Beach Bklyn Realty, LLC, Oceanwalk Condo Bklyn Realty, LLC, 780
Bklyn Realty, LLC, Minnetonka III Bklyn Realty, LLC, and Minnetonka 
 V Bklyn Realty, LLC, as Tenants-In-Common, Appellants,
against
Mireille Manigat, Also Known as Mireille Vaval, Tenant, Ritania
Lamour, Respondent, Marc Remolien, "John Doe" and "Jane Doe," Undertenants.

Kaufman, Friedman, Plotnicki & Grun, LLP (Howard Grun of counsel), for appellants.
The Legal Aid Society (Ishrat Ruhi of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Hannah
Cohen, J.), entered March 19, 2019. The order, insofar as appealed from, denied the branch of
landlords' motion seeking summary judgment in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
branch of landlords' motion seeking summary judgment is granted.
In June 2018, landlords commenced this holdover proceeding to recover the subject
rent-stabilized apartment, alleging in the petition that Mireille Manigat became the tenant of
record after the death of Phillipe Manigat in 2009, and that she no longer resided in the apartment
as her primary residence.[FN1]
 Ritania Lamour, an occupant, appeared in the proceeding and claimed [*2]succession rights to the apartment. Landlords appeal from so much
of an order of the Civil Court (Hannah Cohen, J.) as denied the branch of their motion seeking
summary judgment, finding that landlords have "not proven as a mater of law that no viable
succession claim can proceed."

It is uncontroverted that Phillipe Manigat entered into a lease agreement with landlords'
predecessor in 1978 for the rent-stabilized apartment. Following Phillipe Manigat's death in
2009, his daughter, Mireille Manigat, became the sole tenant of record and executed numerous
renewal leases, the last of which expired in May 2018. After landlords commenced the instant
holdover proceeding, Lamour claimed succession rights to the apartment on the basis that
Phillipe Manigat was her stepfather and that she has continuously resided in the apartment as her
primary residence since 2006, which was more than two years before Phillipe Manigat
permanently vacated the apartment. 

Lamour's current claim of succession rights is based upon her allegations that she is a family
member, as defined by Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (o), of Phillipe
Manigat, and that she resided with him for the requisite two years before he permanently vacated
(see RSC § 2523.5 [b] [1]). Indeed, pursuant to RSC § 2523.5 (b) (1), a claim
of succession rights ripens after the tenant of record has vacated and the lease becomes eligible
for renewal. Here, however, the petition alleges that Mireille Manigat became the tenant of
record after Phillipe Manigat's death and remained the tenant of record in 2018, and Lamour has
not challenged those allegations or argued that Mireille Manigat had improperly been named the
sole tenant of record. Under the circumstances presented, Lamour's remaining option in order
invoke succession rights in this proceeding was to demonstrate that she and Mireille Manigat are
family members as defined in RSC § 2520.6 (o), which she did not attempt to do. 

Accordingly, the order, insofar as appealed from, is reversed and the branch of landlords'
motion seeking summary judgment is granted.

WESTON, J.P., and GOLIA, J., concur.

TOUSSAINT, J. dissents and votes to affirm the order, insofar as appealed from, in the
following memorandum: 

It is uncontroverted that in 1978, Phillipe Manigat entered into a lease agreement with
landlords' predecessor for the premises known as 901 Washington Avenue, Apt 3Q, Brooklyn,
New York. In her answer, respondent Lamour stated that she was the stepdaughter of Phillipe
Manigat; that she resided in the subject apartment with him for more than two years prior to his
death in 2009; and that, therefore, she is entitled to succeed to her stepfather's tenancy, pursuant
to Rent Stabilization Code (RSC) (9 NYCRR) § 2523.5 (b) (1). 

RSC § 2523.5 (b) (1) states in part:

"any member of such tenant's family, as defined in section 2520.6(o) of this Title,
who has resided with the tenant in the housing accommodation as a primary residence for a
period of no less than two years, or where such person is a 'senior citizen,' or a 'disabled person'
as defined in paragraph (4) of this subdivision, for a period of no less than one year, immediately
prior to the permanent vacating of the housing accommodation by the tenant, or from the
inception of the tenancy or commencement of the relationship, if for less than such periods, shall
be entitled to be named as a tenant on the renewal lease."

Contrary to the majority holding, RSC § 2523.5 (b) (1) does not state that a tenant can
only claim succession rights as a family member of the individual who is the tenant of record at
the time the claim is made. "Succession is in the spirit of the statutory scheme, whose goal is to
facilitate the availability of affordable housing for low-income residents and to temper the harsh
consequences of the death or departure of a tenant for their 'traditional' and 'non traditional'
family members" (Matter of Murphy v
New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 653
[2013]).

"As set forth in the decision of the Appellate Division, Second Department, in Matter of Jourdain v New York State Div.
of Hous. & Community Renewal (159 AD3d 41, 46-47 [2018]), 'the relevant one-
or two-year period (depending on whether or not the family member is a senior citizen or
disabled) in which the family member must 'reside with' the tenant is the one- or two-year period
immediately prior to when the tenant ceases residing at the housing accommodation' " (700 Bklyn Realty, LLC v Samuel, 69
Misc 3d 126[A], 2020 NY Slip Op 51115[U], *1 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2020]; EB Bedford, LLC v
Lee, 64 Misc 3d 39 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 

The fact that Mireille Manigat became a tenant of record following her father's death did not
vitiate any claim for succession rights that respondent Lamour may have had. Therefore,
discovery is warranted to determine if respondent can succeed to her stepfather's tenancy, based
on the uncontroverted assertion that she resided with her stepfather for the two year period prior
to his death. 

Accordingly, I respectfully dissent and vote to affirm the order of the Civil Court, insofar as
appealed from, denying landlord's motion for summary judgment. 

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 15, 2021

Footnotes

Footnote 1:In 2019, Mireille Manigat
acknowledged that she no longer used the premises as her primary residence and surrendered
legal possession of the premises to landlords.