Leya, LLC v Kodicek (2021 NY Slip Op 51013(U))

[*1]

Leya, LLC v Kodicek

2021 NY Slip Op 51013(U) [73 Misc 3d 133(A)]

Decided on November 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

570033/21

Leya, LLC, Petitioner-Landlord-Appellant, 
against
Angela Kodicek,
Respondent-Tenant-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New
York County (Michelle D. Schreiber, J.), entered on or about February 18, 2020, after a nonjury
trial, in favor of tenant dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Michelle D. Schreiber, J.), entered on or about February 18, 2020, affirmed,
with $25 costs.
We perceive no basis to disturb the trial court's determination that landlord failed to meet its
burden of establishing that tenant's apartment is exempt from rent stabilization based upon a high
rent vacancy said to have occurred in 2009 when, following the death of the rent controlled
tenant, the apartment was rented to four co-tenants, including Mario and Margaret Zambrano, at
$2,400 per month.
On a bench trial, "the decision of the fact-finding court should not be disturbed upon appeal
unless it is obvious that the court's conclusions could not be reached under any fair interpretation
of the evidence, especially when the findings of fact rest in large measure on considerations
relating to the credibility of witnesses" (409-411 Sixth St., LLC v Mogi, 22 NY3d 875,
876-877 [2013], quoting Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]).
Applying this standard, we find no basis to disturb the trial court's determination. 
The trial court found the testimony of landlord's witnesses, as well as the testimony of
landlord's principal, agent and attorney who were called by tenant, to be lacking in credibility, i.e.
containing "inconsistencies, hesitation and evasion." A trial court's determination as to credibility
is given substantial deference as the court has the opportunity to observe and evaluate the
testimony and demeanor of the witnesses, thereby affording the trial court a better perspective
from which to evaluate the credibility of the witnesses (see Ausch v St. Paul Fire & Mar.
Ins. Co., 125 AD2d 43, 49 [1987], appeal denied 70 NY2d 610 [1987]).
Landlord's claim also lacks support in contemporary documentary evidence and is, in fact,
substantially inconsistent with that evidence. No DHCR registrations were filed for the building
from 1984 through 2014, no notices required for high rent deregulation were filed or served, and
there were inconsistencies and mischaracterizations in the belated, partial filing made in 2015,
including listing the apartment as rent stabilized when it was rented to the Zambranos. As the
[*2]trial court found, landlord not only "consistently avoided
complying" with rent regulations, but "actively worked ... to pressure the prior owners to
unlawfully empty the building, and worked with counsel to file the [Certificate of No
Harassment] as well as incorrect filings with DHCR in its determination to have the building not
subject to rent regulation." Thus the totality of the circumstances, as perceived by the trial court
from the evidence, permits the conclusion that landlord failed to meet its burden of establishing
that the apartment is exempt from rent regulation (see generally Thoreson v Penthouse
Intl., 80 NY2d 490, 495 [1992]).
The trial court also properly considered the apartment's rental history beyond four years from
the commencement of the proceeding, since it was not done for the purpose of calculating a rent
overcharge, but rather to determine whether the apartment is regulated (see Matter of Regina
Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d
332, 351 n 4 [2020]; Matter of Kostic v
New York State Div. of Hous. & Community Renewal, 188 AD3d 569, 569
[2020]; Gersten v 56 7th Ave. LLC,
88 AD3d 189, 199 [2011], app withdrawn 18 NY3d 954 [2012]; East W. Renovating Co. v New York State
Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]). "Regina does
not restrict examination of an apartment's rent history to four years prior to the commencement of
the action or proceeding where the issue is the apartment's status" (Matter of AEJ 534 E. 88th, LLC v New
York State Div. of Hous. & Community Renewal, 194 AD3d 464, 469
[2021]).
We have considered landlord's remaining arguments and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 1, 2021