Matter of 901 Bklyn Realty, LLC v Manigat (2025 NY Slip Op 03322)

Matter of 901 Bklyn Realty, LLC v Manigat

2025 NY Slip Op 03322

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07758
 (Index No. 70766/18)

[*1]In the Matter of 901 Bklyn Realty, LLC, et al., petitioners-respondents, 
v
Mireille Manigat, etc., et al., respondents, Ritania Lamour, appellant.

Twyla Carter, Brooklyn, NY (Aviv Lipman of counsel), for appellant.
Kaufman Friedman Plotnicki & Grun, LLP, New York, NY (Howard Grun of counsel), for petitioners-respondents.

DECISION & ORDER
In a summary holdover proceeding, Ritania Lamour appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated October 15, 2021. The order reversed an order of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), dated March 19, 2019, which, insofar as appealed from, denied those branches of the petitioners' motion which were for summary judgment on the petition insofar as asserted against Ritania Lamour and dismissing her affirmative defenses, and granted those branches of the motion.
ORDERED that the order dated October 15, 2021, is affirmed, with costs.
The petitioners are the owners of a rent-stabilized apartment building in Brooklyn. In March 1978, Phillipe Manigat (hereinafter Phillipe) became the tenant of record of an apartment in the building. According to Ritania Lamour, in 2006, after her mother married Phillipe, she and her mother moved into the apartment with Phillipe, her stepfather, and she since has resided continuously therein.
In May 2008, Phillipe and his daughter, Mireille Manigat (hereinafter Mireille), signed a two-year renewal lease, which named them as co-tenants. Phillipe died in September 2009. Mireille signed four subsequent two-year renewal leases as the sole tenant of record of the apartment, with Mireille signing the first such renewal lease in 2010 and the fourth such renewal lease in 2016.
In February 2018, the petitioners served Mireille and Lamour with a notice of intention to refuse to renew the lease on the ground that Mireille, the tenant of record, did not reside in the apartment. In June 2018, the petitioners commenced this summary holdover proceeding against Mireille and Lamour, among others. In her answer, Lamour asserted an affirmative defense based on an entitlement to succeed the tenancy of her stepfather, Phillipe, pursuant to Rent Stabilization Code (9 NYCRR) § 2523.5(b)(1). Lamour did not assert succession rights based on any claimed entitlement to succeed the tenancy of Mireille. The petitioners moved, inter alia, for summary judgment on the petition insofar as asserted against Lamour and dismissing her affirmative defenses. Lamour opposed the motion, contending that triable issues of fact existed as to her claim [*2]to succeed Phillipe's tenancy. In January 2019, Mireille and the petitioners executed a stipulation discontinuing the claims against her, in which she acknowledged that she had not lived in the apartment for more than three years.
In an order dated March 19, 2019 (hereinafter the March 2019 order), the Civil Court, among other things, denied those branches of the petitioners' motion which were for summary judgment on the petition insofar as asserted against Lamour and dismissing her affirmative defenses. The petitioners appealed from so much of the March 2019 order as denied those branches of the motion. By order dated October 15, 2021, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, with one Justice dissenting, reversed the March 2019 order insofar as appealed from and granted those branches of the motion (see 901 Bklyn Realty, LLC v Manigat, 73 Misc 3d 133[A], 2021 NY Slip Op 51017[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]). The majority concluded that, under the circumstances, Lamour could have claimed succession based only upon Mireille's prior tenancy, as Mireille was the current tenant of record, and could not claim succession based on Phillipe's prior tenancy (see id.). By decision and order on motion of this Court dated December 23, 2022, Lamour was granted leave to appeal to this Court.
Rent Stabilization Code § 2523.5(b)(1) provides that if an offer to renew a rent-stabilized lease is made to a tenant who has "permanently vacated the housing accommodation, any member of such tenant's family . . . who has resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years, or where such person is a 'senior citizen,' or a 'disabled person' . . . , for a period of no less than one year, immediately prior to the permanent vacating of the housing accommodation by the tenant, or from the inception of the tenancy or commencement of the relationship, if for less than such periods, shall be entitled to be named as a tenant on the renewal lease" (9 NYCRR 2523.5[b][1]; see Public Housing Law § 14[4][a]; Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d 41, 45).
The petitioners contend that the "tenant" identified in the Rent Stabilization Code § 2523.5(b)(1) must be the most recent tenant of record and that the regulation cannot refer to Phillipe, Lamour's stepfather, a prior tenant who died in 2009 and whose lease expired in 2010. Indeed, Rent Stabilization Code § 2523.5(b)(1) anticipates that, in the ordinary course, an occupant will assert his or her succession rights at the time a lease renewal offer is made, after a family member who was the tenant of record has permanently vacated an apartment (see Hughes v Lenox Hill Hosp., 226 AD2d 4, 15). In the absence of a timely interposition of a succession claim, an owner's ability to investigate and prosecute its rights may be unduly impaired (see 186 Norfolk LLC v Euvin, 63 Misc 3d 160[A], 2019 NY Slip Op 50890[U] [App Term, 1st Dept], affd 192 AD3d 414; South Pierre Assoc. v Mankowitz, 17 Misc 3d 53, 54-55 [App Term, 1st Dept]; Malone v Sapinsky, 31 Misc 3d 1239[A], 2011 NY Slip Op 51044[U] [Civ Ct, NY County]; cf. Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d at 45). Under the circumstances here, in which Lamour failed to assert a claim to succeed Phillipe's tenancy after his death, or during the eight years after Mireille became the sole tenant of record, the Appellate Term properly determined that Lamour could not claim succession based on Phillipe's prior tenancy.
We note that recent amendments to Public Housing Law § 14(4)(a), effective after the appellate briefs were submitted herein, do not change this result. Public Housing Law § 14(4)(a) was amended, effective December 22, 2023, to clarify that, for purposes of that paragraph, "permanently vacated" means "the date when the tenant of record permanently stops residing in the housing accommodation regardless of subsequent contacts with the unit or the signing of lease renewals or continuation of rent payments" (see L 2023, ch 760, part A, § 3 [eff Dec. 22, 2023]). In this matter, however, the dispute centers not on when Phillipe or Mireille permanently vacated the housing accommodation but on Lamour's entitlement, if any, to succeed Phillipe's prior tenancy.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court