63 St. Marks Place LLC v Benedek (2025 NY Slip Op 25214)

[*1]

63 St. Marks Place LLC v Benedek

2025 NY Slip Op 25214

Decided on September 29, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on September 29, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570897/24

63 St. Marks Place LLC, Petitioner-Landlord-Respondent, 
against
Maria Benedek, Respondent-Tenant-Appellant.

Tenant appeals from a "decision and order" of the Civil Court of the City of New York, New York County (Norma J. Jennings, J.), dated October 4, 2024, after a nonjury trial, which dismissed her affirmative defenses and awarded possession to landlord in a holdover summary proceeding.

Per Curiam.
Appeal from "decision and order" (Norma J. Jennings, J.), dated October 4, 2024, deemed an appeal from the final judgment (same court and Judge), entered October 4, 2024, and so considered (see CPLR 5520 [c]), final judgment reversed, with $30 costs, tenant's affirmative defenses reinstated and a new trial ordered on all issues except as to the finding that landlord made individual apartment improvements in the amount of $4,960.74.
Landlord commenced this holdover summary proceeding in October 2023, based on allegations that tenant's lease agreement for the allegedly unregulated apartment expired on October 31, 2020. The petition alleged that the apartment is exempt from rent stabilization because of a high rent vacancy that occurred prior to tenant's occupancy. Tenant's answer alleged that the apartment had been improperly deregulated. 
At trial, Civil Court erroneously applied a six-year look back to determine whether the apartment was rent regulated. Relying upon the prior stabilized tenant's registered rent of $1,541.23 in 2006, plus vacancy bonus, longevity allowance and an increase for individual apartment improvements (IAI) performed by landlord in the amount of $4,960.75, the court found that the rent exceeded the $2,000 deregulation threshold then in effect.
In limiting its review to a six-year period, the court did not consider probative evidence tending to indicate that landlord increased the rent of the prior (stabilized) tenant (John Brooks) beyond the permitted statutory increases. For example, rent registration records indicate that Brooks' rent increased from $1,137.86 in his October 1999/September 2000 renewal lease to $1,418.13 in his next, October 2000, renewal lease. This 24% increase was far in excess of the maximum 6% increase permitted by Guidelines Board Order # 32. Upon tenant's appeal from the [*2]final judgment issued to landlord, we reverse and remand for a new trial, as indicated.
A tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [2011]), and consideration of events beyond the six-year period is permissible to determine whether an apartment is regulated (see Matter of 150 E. Third St LLC v Ryan, 201 AD3d 582, 583 [2022], lv dismissed 39 NY3d 935 [2022]). The 2023 and 2024 amendments to the RSL and RSC expressly permit review of an apartment's full rent history for the purposes of determining whether a deregulation was lawful, even if beyond the lookback period for establishing rent overcharges (see Cox v S Oxford St, LLC, 237 AD3d 604 [2025]). Here, the trial court should have considered events beyond the six-year period, including evidence indicating that landlord took advantage of rent increases beyond those permitted by law to raise the rent beyond the deregulation threshold. In these circumstances, a new trial is required.
We sustain so much of the trial court's finding that landlord made individual apartment improvements totaling $4,960.74 after the prior tenant vacated, since such findings are supported by a fair interpretation of the evidence (Leyla LLC v Kodicek, 73 Misc 3d 133[A], 2021 NY Slip Op 51013[U] [App Term, 1st Dept 2021]). The fact that the improvements were made to the apartment after tenant signed the lease is of no consequence (see Elisofon v New York State Div. of Hous. & Community Renewal, 262 AD2d 40, 40 [1999], lv denied 94 NY2d 757 [1999] [the fact that tenant "executed the lease before work on the improvements was commenced does not alter th[e] conclusion" "that the landlord was entitled to increase the . . . rent . . . of certain qualifying improvements"]).
Tenant's remaining arguments are unavailing at this procedural juncture.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 29, 2025